CONTINENTAL RUBBER WORKS v. SINGLE TUBE AUTOMOBILE & BICYCLE TIRE CO.

(Circuit Court of Appeals, Third Circuit. February 8, 1910.)

Nos. 92, 1,309.

1. PATENTS (§ 90*)—RIGHT TO PATENT—ABANDONMENT.

    If the first inventor of a device exercises reasonable diligence in reducing it to practice, he does not lose his right to a patent because a second and independent inventor of the same device may have first put it into actual use.

    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 113–120; Dec. Dig. § 90.*]

2. PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—PNEUMATIC TIRE.

    The Tillinghast patent, No. 497,971, for a pneumatic tire, held not anticipated, valid, and infringed.

Appeal from the Circuit Court of the United States for the Western District of Pennsylvania.

Suit in equity by the Single Tube Automobile & Bicycle Tire Company against the Continental Rubber Works. Decree for complainant (174 Fed. 50), and defendant appeals. Affirmed.

J. C. Sturgeon and Thomas B. Kerr, for appellant.

Frederick P. Fish, for appellee.

Before GRAY and LANNING, Circuit Judges, and McPHERSON, District Judge.

LANNING, Circuit Judge. The patent in suit is No. 497,971, and was granted May 23, 1893, to the inventor, Pardon W. Tillinghast. It is for an improvement in pneumatic tires. The only claim involved in the present litigation is claim 2, which reads as follows:

"A pneumatic tire, composed of a rubber tube, an intermediate layer of fabric, and an outer covering of rubber, substantially as described, having all its rubber joints and component parts simultaneously vulcanized together, forming an integral annular tire."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The claim was sustained by the Circuit Court for the District of Massachusetts in 1899 in Dodge v. Porter et al., 98 Fed. 624, and by the Court of Appeals for the First Circuit in 1901 in Porter v. Single Tube Automobile & Bicycle Tire Co., 112 Fed. 123, 50 C. C. A. 317. It was also sustained by the Circuit Court in the present case. The defendant, Continental Rubber Works, the appellant here, was also adjudged guilty of infringement. The bill in the present case was filed October 21, 1904. The proofs do not show how long before that date the defendant had been manufacturing the alleged infringing tires, but in their brief the counsel for the defendant say that the bill was filed "upwards of a year after said manufacture had commenced." Between 1896 and 1907 many licenses had been taken from the complainant by manufacturers in the United States, and between 1900 and 1907 the royalties paid by the licensees amounted annually to sums ranging between $62,000 and $148,000. In May, 1908, when the complainant commenced to take its rebuttal testimony, Tillinghast, the inventor, was dead. Other witnesses examined in the case of Dodge v. Porter were also then dead.

The application for the patent in suit was filed September 2, 1892; that application being a substitute for one then withdrawn which had been filed November 20, 1891. The complainant, the appellee here, concedes that a certain article published by I. W. Boothroyd in "The Cyclist," an English publication, on December 3, 1890, was a disclosure of all that is contained in claim 2 above quoted, and that the complainant, to sustain the claim, must show that Tillinghast's invention antedated the Boothroyd publication. In his opinion in the court below Judge Buffington said:

"We have carefully examined all the proofs, and, without going into detail of discussion, have reached the conclusion that as early as July, 1890, Tillinghast had a clear conception of his pneumatic bicycle tube embodying the elements of his second claim, and that prior to September following he disclosed the same to the witnesses Ricketts, Rueckert and Johnson."

This finding of fact should not be reversed unless clearly wrong. It cannot be reversed without rejecting the testimony of these three witnesses as utterly unreliable. It is earnestly contended by the counsel for the defendant that it is unreliable. A small pocket memorandum book produced by Ricketts and used by him in giving his testimony contains on the tops of some of its pages memoranda bearing later dates than the memoranda under them. The book, however, shows that the memoranda were of various unrelated kinds, and no reason appears why they should have been made in chronological order. Independent of the testimony of Ricketts and of Rueckert is that of Johnson, who testifies in the most unqualified manner that the disclosure was made by Tillinghast to him shortly after his return on July 8, 1890, from Minnesota, where he had been to attend the wedding of his brother. We are content not to disturb this finding of fact by the Circuit Court, which accords also with the finding of fact on this point by the Circuit Court of the District of Massachusetts in Dodge v. Porter, supra, where Judge Colt said:

"The evidence shows that Tillinghast invented his single-tube pneumatic tire, and disclosed it to others as early as the summer of 1890, and that consequent-

ly his invention antedates the Boothroyd article in the Cyclist, describing a single-tube tire, which was published in England in December, 1890."

The only question remaining to be considered is whether Tillinghast was reasonably diligent in reducing his invention to practice. Tillinghast conceived his invention as early as July, 1890. There is no proof that the Boothroyd conception ran back to that date. The question is not which of the two, Boothroyd or Tillinghast, ran the faster in giving to the world a material and practical exhibit of his conception. It is simply whether Tillinghast, the first to conceive the improvement, was reasonably diligent in putting into a practical and useful form the idea which he expressed to others in July, 1890. If he was, his patent is valid notwithstanding the later conception of Boothroyd was given to the world before Tillinghast had succeeded in putting into actual use one of his tires. Such is the rule established by the authorities. Reed v. Cutter, 1 Story, 590, Fed. Cas. No. 11,645; Marshall v. Mee, Fed. Cas. No. 9,129; White v. Allen, Cliff, 224, Fed. Cas. No. 17,535; McCormick Harvesting Mach. Co. v. Minneapolis Harvester Works (C. C.) 42 Fed. 152; Christie v. Seybold, 55 Fed. 69, 5 C. C. A. 33; Automatic Weighing Mach. Co. v. Pneumatic Scale Corporation, 166 Fed. 288, 92 C. C. A. 206.

In the court below Judge Buffington found, as a fact in the case, that "Ricketts in August (1890), under Tillinghast's direction, made a tire embodying the invention, and that from that time forward Tillinghast diligently followed up his conception and reduced the same to practice." The defendant, however, insists that between the summer of 1890 and March 28, 1891, Tillinghast was spending his time on other inventions, and that during that period he did nothing in the way of perfecting the particular invention now under consideration or of adapting it to use. But the finding of the court has a very substantial basis. Ricketts says he made a sample of the tire described in claim 2 of the patent in suit in August, 1890. Schmelz, a draftsman, says that he visited the very modest workshop of Tillinghast about two weeks before November 3, 1890, and there saw samples of parts of such tires. And Ricketts says that a considerable number of such tires were made in March, April, May, and June, 1891.

The evidence on the subject of diligence in reducing to practice the conception of July, 1890, is necessarily confined to what can be learned from those who have survived Tillinghast, and who recall conditions existing between 15 and 20 years before their testimony was given. Tillinghast was a poor man. His workshop was a small place in the basement of a building in Providence, R. I., which he seems to have rented at the price of $4.50 or $5 per month. His experimental work was done mainly by himself. That work was not in perfecting the conception, but in turning out, with his limited facilities, a completed pneumatic tire. Considering his poor equipment for mechanical work, and the conditions under which his limited means compelled him to carry on that work, we are not prepared to say that he was not reasonably diligent in reducing his conception to practical use. The Circuit Court has found that he was. There are facts to support that finding, and we are not disposed at this late day, only a few months before the patent will expire, 10 years after it was sustained in Dodge v. Porter,

after many of the largest manufacturers of bicycle tires in the country have assumed its validity by paying to the complainant, under licenses granted to them, hundreds of thousands of dollars in royalties, and after death has removed the inventor so that he is not here to tell us in greater detail the nature of his work between July, 1890, and March, 1891, to overturn what the Circuit Court has done.

The decree will be affirmed, with costs.